187 N.J. Super. 176 (1982)
453 A.2d 1360
FRIENDS OF JIM USRY FOR MAYOR CAMPAIGN AND JIM USRY INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
MATTHEWS FOR MAYOR CAMPAIGN, MICHAEL MATTHEWS, MAYOR OF ATLANTIC CITY, MICHAEL MATTHEWS, INDIVIDUALLY, SUPERINTENDENT OF THE BOARD OF ELECTIONS OF ATLANTIC CITY, BOARD OF ELECTIONS OF ATLANTIC COUNTY AND COUNTY CLERK OF THE COUNTY OF ATLANTIC, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 1, 1982.
Decided November 10, 1982.
*177 Before Judges MATTHEWS, ANTELL and FRANCIS.
Rudd & Simms, attorneys for appellants (Jeffrey Simms, on the brief).
Charles M. Tisdale, appellant pro se.
Alten, Valentine, Seltzer & Schultz, attorneys for respondent Matthews (Richard D. Alten, George L. Seltzer and William W. Schultz, on the brief).
Irwin I. Kimmelman, Attorney General of New Jersey, attorney for respondent Board of Elections of Atlantic County (Donna J. Kelly, Deputy Attorney General, on the brief).
The opinion of the court was delivered by FRANCIS, J.A.D.
This is an interlocutory appeal wherein plaintiffs challenge a ruling by the trial judge during the pendency of an election contest for the office of mayor of Atlantic City.
On July 9, 1982 plaintiff-appellant James Usry filed a petition in the Law Division pursuant to N.J.S.A. 19:29-1 contesting the June 15, 1982 election of Michael Matthews to the office of mayor of Atlantic City. Michael Matthews, individually and as mayor, the Michael Matthews Campaign, the Atlantic County Board of Elections and the Atlantic County Clerk were named defendants.
The matter was consolidated with two related cases, Charles M. Tisdale v. Mayor Elect Matthews and Bernard Fulton et al. v. Michael Matthews et al.
Although the exact context in which the trial court ruling arose is not available in the absence of the transcript, it appears that during the course of the trial plaintiffs alleged that approximately 200 votes were cast in violation of N.J.S.A. 19:31-11 and that such votes should be voided. Specifically, plaintiffs allege that a number of voters moved between election districts more than 29 days before the June 15 election and failed to file a *178 change of residence form with the commissioner of registration or municipal clerk, as required by N.J.S.A. 19:31-11(a), and that other voters in question moved within the same election district more than two years before the election and also failed to file a change of residence form with the commissioner of registration pursuant to N.J.S.A. 19:31-11(b). Plaintiffs further assert that the district board workers failed to perform their duty by allowing these individuals to vote.
Judge Connor ruled that the votes that resulted, assuming they were cast in good faith, should not be voided for failure to comply with the notice requirement of N.J.S.A. 19:31-11. The court specifically noted that such voters were residents of Atlantic City who voted in the election for an "at large" office. The court further found no malconduct or fraud on the part of the district board workers for permitting such individuals to vote. We accept the accuracy of the latter finding by the court from a statement in the Attorney General's brief. As we have noted, we have nothing in the record before us to indicate otherwise.
We agree with the judge's ruling essentially for the reasons stated by Judge Connor in his oral ruling at the trial.
N.J.S.A. 19:31-11(a) provides that if a voter moves within a county before the close of registration, i.e., 29 days preceding an election, he or she must file a change of residence form with the commissioner of registration. Those voters, however, who move within the same election district are permitted to vote in the district within two years subsequent to the change of residence upon the signing of an affidavit at the polling place. The affidavit should set forth the voter's old and new address and the date of the move. N.J.S.A. 19:31-11(b).
Those voters who move within the county and between election districts after the close of registration shall be permitted to vote at the old election district upon the signing of the above noted affidavit. Such affidavit will constitute a transfer to the new address for any subsequent election. N.J.S.A. 19:31-11(b)
Plaintiffs contend that two types of illegal votes were cast in the June 15 election. Voters who moved between election *179 districts before the close of registration did not file a change of address form with the commissioner of registration or the municipal clerk, and voters who moved within the same election district more than two years before the election did not file a similar form. This contention is undisputed. It is also undisputed that the above voters were residents at least 30 days before the election and were registered voters. Thus, the issue does not concern the failure of any of the voters to satisfy the substantive requirements for registration and residency as set forth in N.J.S.A. 19:31-5. The issue to be decided is whether the votes cast by such registered residents should be expunged by reason of the individuals' failure to comply with the requirement of notice as set forth in N.J.S.A. 19:31-11.
Plaintiffs contend that, pursuant to N.J.S.A. 19:31-1, those who did not comply with the provisions of N.J.S.A. 19:31-11 should not have been permitted to vote in the first place, and to give effect to that section (N.J.S.A. 19:31-1) their votes should be expunged. We disagree. A failure by a voter to adhere to a statutory requirement such as N.J.S.A. 19:31-11 would have provided a basis upon which to deny that voter his franchise at the time he or she attempted to vote. That, however, is not the issue. Here, those voters were permitted to and did vote. The votes having been cast, we must consider whether any legislative purpose would be served by expunging them, a consideration that must be exercised from a perspective of liberal construction. It is well established that election laws are to be liberally construed so as not to "deprive voters of their franchise or so as to render an election void for technical reasons." Kilmurray v. Gilfert, 10 N.J. 435, 440 (1952). See, also, In re Smith, 59 N.J. 236, 237 (1971); In re Atlantic Cty. Election Bd., 117 N.J. Super. 244, 250 (App.Div. 1971).
Somewhat analogous to the present case is Wene v. Meyner, 13 N.J. 185 (1953). In Wene the unsuccessful candidate in the Democratic gubernatorial primary contested the election, partly on the ground that approximately 3,200 voters illegally cast ballots because they had not signed a party declaration form *180 before voting as required by law. The law in effect at that time provided:
A voter who has not voted in a primary election of a political party for two subsequent annual primary elections shall not be permitted to vote in any primary election ... until he has first signed and filed with the district board a declaration designating the political party in whose primary election he desires to vote. [N.J.S.A. 19:23-45; emphasis supplied][1]
There was no dispute that the voters had failed to comply with the statute. Nor was it disputed that the voters were disqualified or not otherwise entitled to vote, except for the failure to comply with the procedural requirement.
The court held that the failure to sign the required form was a "mere irregularity," which did not void any votes. 13 N.J. at 196. The court further stated:
The determinative factor is not whether the taking of the formal written declaration is mandatory or directory. The legal consequences of the omission are a matter of legislative intention; and in such an inquiry labels and nomenclature are not decisive. Acts and omissions to act may render the local election officers liable to indictment, and yet, absent malconduct, fraud, or corruption, the election result is unimpeachable. [Citation omitted]. Where, as here, there is an unwitting omission of a formal requirement otherwise supplied in substance, the ballots are invulnerable; the overturning of the result in such circumstances would frustrate the will of the voters for errors and omissions of form not related to the merits; and this would do violence to the legislative will. In this regard, acts and omissions by the district board mandatory before election may for reasons of policy bedeemed directory after the election, if it indubitably appears that the election result was not thereby prejudiced. The question is essentially one of fairness in the election. An election is not vitiated by the defaults of election officers not involving malconduct or fraud, unless it be shown that thereby the free expression of the popular will in all human likelihood has been thwarted. [Ibid.; emphasis supplied].
Similarly, in the present case the voters in question were allowed to vote by the district board workers in spite of their *181 failure to complete a change of residence form in accordance with N.J.S.A. 19:31-11. It is clear that these voters did not comply with the procedural or formal requirement of the statute. It is equally clear, however, that there is no allegation that these voters were not entitled to vote because they failed to satisfy any substantive requirement of registration; specifically, residency in Atlantic City. Plaintiffs urge this court to void the votes cast in an at-large election solely on the ground that the voters failed to notify the commissioner of a change of address within the city.
Such an order, while disenfranchising those voters and interfering with the free expression of the popular will as to the election generally, would serve no substantial legislative purpose. As suggested by defendants, the statutory provisions for registering voters tend to eliminate fraudulent voting. The residence requirement necessary for registration insures that only the individuals who have a stake in the outcome of the election by reason of their residency within the community are allowed to vote. These are salutary goals and the provisions of N.J.S.A. 19:31-11 are one of the procedural means used to insure their accomplishment. Prohibiting a voter from casting a ballot, pursuant to N.J.S.A. 19:31-1, by reason of the voter's failure to adhere to the provisions of N.J.S.A. 19:31-11 could well invite future compliance with these provisions. To expunge the votes once cast, however, when the voter is in fact a resident, would subordinate substance to a procedural technicality, resulting in a frustration of the will of the voters generally. See Wene v. Meyner, 13 N.J. 185, 196-198 (1953). In Sharrock v. Keansburg, 15 N.J. Super. 11 (App.Div. 1951), two public propositions were on the ballot pertaining to the sale of alcoholic beverages. The approval by the electorate was contested on the sole ground that the county clerk had failed to provide an explanatory statement as required by N.J.S.A. 33:1-47.1. The Appellate Division held that the omission amounted to a mere irregularity which should not void the election. The court stated:

*182 [W]here the statute expressly declares that a specified irregularity shall nullify an election, the courts, irrespective of their views of the wisdom or serviceability of the requirement, uniformly respect the legislative declaration.
But where, as here, there is no such legislative declaration, the courts consider the nature of the irregularity, its materiality, the significance of its influence and consequential derivations in order to determine whether the digression or deviation from the prescribed statutory requisitions had in reasonable probability so imposing and so vital an influence on the election proceedings as to have repressed or contravened a full and free expression of the popular will, and thus deduce the legislative intent reasonably to be implied. [at 16-17]
There is no statutory provision under Title 19 which provides that votes once cast should be voided because of a failure to abide by N.J.S.A. 19:31-11. Further, the irregularity at issue is not a material one. It does not go to the essence or the substance of the right to vote where there is no malconduct or fraud. There was no interference with the essential fairness of the election. See Wene, 13 N.J. at 196-198.
We are therefore of the opinion that a liberal construction of the statute requires our determination that the failure to abide by the provisions of N.J.S.A. 19:31-11, absent malconduct or fraud, was not a material failure and the trial judge properly refused to order expungement.
Affirmed.
NOTES
[1] N.J.S.A. 19:23-45 also contains a prohibition against a right to vote, cast in language sometimes construed as mandatory, upon the failure to comply with the stated requirement. N.J.S.A. 19:31-1 is similar. It prohibits, also in language sometimes construed to be mandatory, the right to vote upon noncompliance with the provisions of the chapter. As above held, the former section, N.J.S.A. 19:23-45, did not prevent the court in Wene v. Meyner, 13 N.J. 185 (1953), from deeming such language directory after the election although a mandatory construction would have been indicated before the election.