IN THE MATTER OF THE PETITION OF ALMERTH M. BATTLE FOR A RECOUNT OF THE ELECTION HELD NOVEMBER 2, 1982 FOR THE OFFICE OF TOWNSHIP COMMITTEE OF THE TOWNSHIP OF NEPTUNE, PURSUANT TO *N.J.S.A.* 19:28–1 ET SEQ., AND TO CONTEST THE ELECTION OF JOSEPH M. PEPE TO THE OFFICE OF TOWNSHIP COMMITTEE OF THE TOWNSHIP OF NEPTUNE, PURSUANT TO *N.J.S.A.* 19:29–1 ET SEQ.

Argued March 20, 1983—Decided April 18, 1984.

*William J. O'Hagan, Jr.,* argued the cause for appellant Joseph M. Pepe (*Stout, O'Hagan & O'Hagan,* attorneys).

*James A. Carey* argued the cause for respondent Almerth M. Battle (*Carey and Badach,* attorneys).

PER CURIAM.

In its opinion of June 9, 1983, the Appellate Division declared invalid certain improperly completed absentee ballots where the name of the person who delivered the ballot was not recorded, contrary to *N.J.S.A.* 19:57–23, or was not indicated on the outside envelope, contrary to *N.J.S.A.* 19:57–37.1. 190 *N.J.Super.* 232 (1983).

We begin our review with an awareness that courts are loath to invalidate a vote of any citizen. Under the circumstances of this case, however, we agree with the Appellate Division that discounting the challenged absentee ballots will effectuate the legislative intent. Consequently, we affirm the judgment of the Appellate Division substantially for the reasons set forth in its opinion. In other circumstances, violations of statutory procedure may not result in invalidation of cast ballots. Furthermore, the Legislature may, if it is so inclined, amend the statute to permit the counting of votes cast under similar circumstances in the future, while imposing other sanctions for statutory violations.

Since the entry of the judgment of the Appellate Division, certain additional procedural developments have occurred. Specifically, on June 27, 1983, the trial court entered an order that provided, in part, for an *in camera* proceeding to determine the illegality of the challenged ballots. On July 25, 1983, the Appellate Division vacated that order. Thereafter, on October 28, 1983, the Law Division entered an order dismissing the petition, but thereafter reinstated the petition on March 14, 1984.

According to petitioner, 74 of the challenged votes were cast by nursing home residents, 69 of whom are still living. It remains to set forth appropriate procedures with respect to the challenge to those votes. Our concern is to balance the dis-

covery of material facts with appropriate respect for the age and condition of the residents. Accordingly, the assignment judge for Monmouth County shall designate, subject to the approval of the Chief Justice, a Special Master. See *R.* 4:41.

The Special Master shall supervise the depositions and conduct the basic inquiry of each deponent. In general, the Special Master shall ask the deponent to identify himself or herself as the voter and to identify the challenged ballot as the one cast by the deponent. Then, the Special Master may inquire for whom the deponent voted. Subject to the control of the Special Master, counsel may conduct such further interrogation, which we expect will be limited, as may be necessary. The deposition of any nursing home resident may be used in the trial of this action by any party for any purpose. See *R.* 4:16.

Petitioners' request to appoint a fact-finder and to videotape the depositions is denied. The depositions are to proceed forthwith, and the Law Division is directed to accelerate the matter.

As modified, the judgment of the Appellate Division is affirmed. We do not retain jurisdiction.

*For affirmance as modified*—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

*For reversal*—None.