276 N.J. Super. 337 (1994)
647 A.2d 1373
IN THE MATTER OF THE PETITION OF ALLAN E. KRISO, CANDIDATE.
Superior Court of New Jersey, Appellate Division.
Argued September 14, 1994.
Decided October 14, 1994.
*339 Before Judges SHEBELL, SKILLMAN and WALLACE.
Richard J. Allen, Jr., argued the cause for appellant Allan E. Kriso.
Susan C. Berger, Deputy Attorney General, argued the cause for respondents Bergen County Board of Superintendent of Elections and Bergen County Board of Elections (Deborah T. Poritz, Attorney General, attorney; Andrea M. Silkowitz, Assistant Attorney General, of counsel; Ms. Berger, on the brief).
John L. Molinelli argued the cause for respondent Stephen Adzima (Maycher & Molinelli, attorneys; Mr. Molinelli, on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
*340 This election appeal requires us to decide whether an absentee ballot which is mailed to a board of elections by a person other than the voter must be automatically invalidated simply because the outer envelope enclosing the ballot is not completed in conformity with N.J.S.A. 19:57-37.1.
Petitioner-appellant Allan E. Kriso was one of four candidates for two positions on the municipal council of the Borough of Wallington in Bergen County at the general election held on November 2, 1993. Kriso finished third, with four votes less than defendant-respondent Stephen Adzima.
After a recount which narrowed the gap between Adzima and Kriso to three votes, Kriso filed this action challenging the ballots of twenty-seven voters. Kriso subsequently amended his petition to include a challenge to the rejection of three other ballots by defendant-respondent Bergen County Board of Elections (the Board).
The trial court sustained petitioner's challenge to one ballot but rejected his other challenges. Since the vote of the single successfully challenged ballot could not have changed the results of the election,[1] the court entered final judgment dismissing the petition and ordering the Superintendent of Elections to issue a certificate of election to Adzima.
On appeal, petitioner's arguments are directed at eight of the twenty-six ballots which he unsuccessfully challenged before the trial court and at the three ballots which the court held the Board had properly rejected. Before considering petitioner's arguments *341 relating to the absentee ballots enclosed in improperly completed outer envelopes, we briefly discuss petitioner's other points.
Petitioner contends that the trial court erred in rejecting his claim that two voters, Dennis Jakubiec and Karen Smith, did not "actually reside[]" in Wallington within the intent of N.J.S.A. 19:4-1 and consequently were ineligible to vote. For the purpose of N.J.S.A. 19:4-1, "residence" is equated with "domicile," State v. Benny, 20 N.J. 238, 252-54, 119 A.2d 155 (1955), and the requirement of domicile is construed broadly and flexibly. See, e.g., Worden v. County Bd. of Elections, 61 N.J. 325, 294 A.2d 233 (1972); In re Petition of Hartnett, 163 N.J. Super. 257, 261-64, 394 A.2d 871 (App.Div. 1978). The trial court properly applied this expansive concept of domicile in concluding that Jakubiec's and Smith's part-time residency and other continuing, substantial connections with Wallington were sufficient for them to be considered domiciliaries for the purpose of voting.
Petitioner contends that the trial court should have invalidated Mary Kowal's ballot because she was capable of casting her ballot at the polling place on election day and hence was not eligible to vote by absentee ballot pursuant to N.J.S.A. 19:57-3. However, a voter who obtains an absentee ballot because he or she anticipates being physically unable to cast a ballot at the polling place but turns out to be physically able to go to the polls on election day is prohibited from voting in person and instead must use his or her absentee ballot. N.J.S.A. 19:57-28; see In re Farley, 78 N.J. Super. 349, 188 A.2d 607 (App.Div.), certif. denied, 40 N.J. 220, 191 A.2d 61 (1963). In any event, there is sufficient evidence to support the trial court's finding that Ms. Kowal is an elderly woman who suffers from disabilities which would have made it difficult for her to cast a ballot at the polling place.
Plaintiff contends that the trial court should have invalidated Edward Lisovicz's absentee ballot because his wife printed her name rather than his name on the "Certificate of Civilian Absentee Voter" required by N.J.S.A. 19:57-17. However, it is undisputed *342 that Mr. Lisovicz was the one who signed this certificate. We agree with the trial court's conclusion that the voter's signature on the certificate constitutes the essential requirement of N.J.S.A. 19:57-17 and that a ballot should not be invalidated simply because another person's name has been inadvertently printed on the certificate. See In re Moore, 57 N.J. Super. 244, 154 A.2d 631 (App.Div. 1959).
Petitioner argues that the trial court erred in not invalidating Phoebe Koney's ballot because she did not sign her absentee ballot as required by N.J.S.A. 19:57-4. However, the trial court's finding that Mrs. Koney, who had suffered a stroke, was the one who signed the application with an "X," is amply supported by the record.[2]
As previously noted, the primary question presented by this appeal is whether an absentee ballot which is enclosed in an outer envelope that has not been completed in conformity with N.J.S.A. 19:57-37.1 must be automatically invalidated. In addressing this question, we are guided by the basic principle that "[e]lection laws are to be liberally construed so as to effectuate their purpose. They should not be construed so as to deprive voters of their franchise or so as to render an election void for technical reasons." Lesniak v. Budzash, 133 N.J. 1, 626 A.2d 1073 (1993) (quoting Kilmurray v. Gilfert, 10 N.J. 435, 440, 91 A.2d 865 (1952)).
N.J.S.A. 19:57-37.1 provides:
No person shall take an absentee ballot from a voter or other person having custody of it for the purpose of delivering it to the county board of elections or a postal box or post office, nor shall any voter permit any person to do so, unless the ballot is sealed in the outer envelope and the person who shall transport or deliver *343 it first signs and prints his name on the outer envelope. No other person shall attempt to do any of the foregoing.
Although N.J.S.A. 19:57-37.1 imposes a mandatory duty upon a voter and any person mailing or delivering an absentee ballot on a voter's behalf to properly complete the outer envelope, it does not state that the failure to perform this duty automatically requires the enclosed ballot to be invalidated.
The only prior decision construing N.J.S.A. 19:57-37.1 is Petition of Battle, 190 N.J. Super. 232, 462 A.2d 1291 (App.Div. 1983), aff'd, 96 N.J. 63, 473 A.2d 980 (1984). Battle involved seventy-four absentee ballots of nursing home residents which were delivered to the board of elections by a messenger who failed to fill out the outer envelopes enclosing the ballots in conformity with N.J.S.A. 19:57-37.1. Our opinion in Battle noted that N.J.S.A. 19:57-37.1 was enacted in 1981 after the issuance of a State Commission of Investigation report which found abuses in the use of absentee ballots and recommended revisions in Title 19 to strengthen the regulations governing the delivery of absentee ballots to county boards of elections. 190 N.J. Super. at 238-42, 462 A.2d 1291. In response, the Legislature amended N.J.S.A. 19:57-16, 23 and 37.1 to require that any absentee ballot delivered or mailed by a person other than the voter be enclosed in a sealed outer envelope which is signed by the messenger before it is delivered or mailed. L. 1981, c. 390, §§ 5, 8, 11. In concluding that effectuation of the purposes of this legislation required invalidation of absentee ballots delivered without compliance with the requirements of N.J.S.A. 19:57-37.1, we stated:
These reforms have particular significance where, as here, the ballots come from voters who reside in nursing homes and who may indeed be vulnerable to influences and pressures because they are often alone, isolated from the rest of the community and perhaps ill and infirm....
[190 N.J. Super. at 242, 462 A.2d 1291.]
The Supreme Court affirmed our decision invalidating the absentee ballots challenged in Battle but also indicated that ballots delivered or mailed without complying with N.J.S.A. 19:57-37.1 might not have to be invalidated in other circumstances:

*344 We begin our review with an awareness that courts are loath to invalidate a vote of any citizen. Under the circumstances of this case, however, we agree with the Appellate Division that discounting the challenged absentee ballots will effectuate the legislative intent. Consequently, we affirm the judgment of the Appellate Division substantially for the reasons set forth in its opinion. In other circumstances, violations of statutory procedure may not result in invalidation of cast ballots.

[96 N.J. at 64, 473 A.2d 980 (emphasis added).]
We find nothing in the Supreme Court's opinion or the factual circumstances of Battle to support petitioner's argument that the "other circumstances" referred to in the above quotation are violations of other sections of Title 19. Instead, we are satisfied that what the Court had in mind by "other circumstances" were other possible violations of N.J.S.A. 19:57-37.1 which would not pose the same danger of abuse of the electoral process as the bulk delivery of absentee ballots from nursing home residents involved in Battle.
This interpretation of N.J.S.A. 19:57-37.1 is consistent with prior decisions which have rejected arguments that a ballot should be automatically invalidated upon a showing that a voter has violated one of the technical requirements of the election laws. For example, in Friends of Usry for Mayor Campaign v. Matthews for Mayor Campaign, 187 N.J. Super. 176, 453 A.2d 1360 (App.Div. 1982), we held that the ballots of qualified voters who had failed to complete change of residence forms in conformity with N.J.S.A. 19:31-11 should not be invalidated. We observed that "[t]o expunge the votes once cast would subordinate substance to a procedural technicality, resulting in a frustration of the will of the voters generally." 187 N.J. Super. at 181, 453 A.2d 1360. Similarly, in In re Application of Langbaum, 201 N.J. Super. 484, 493 A.2d 580 (App.Div. 1985), we held that an absentee ballot should not be invalidated solely because the voter had not sealed the inside envelope in conformity with N.J.S.A. 19:57-23, when the voter had sealed the outer envelope thereby preserving "the integrity of the electoral process." 201 N.J. Super. at 490, 493 A.2d 580. We indicated that "[v]oiding the ballot and thus disenfranchising the voter is too harsh a remedy where the deficiency *345 does not affect the integrity of the electoral process." Ibid.; see also Wene v. Meyner, 13 N.J. 185, 196, 98 A.2d 573 (1953). Thus, absent an express legislative directive that a violation of an election law requires invalidation of a ballot, the court must determine whether "under the circumstances" a ballot should be invalidated to "effectuate the legislative intent" in establishing a particular voting requirement. Petition of Battle, supra, 96 N.J. at 64, 473 A.2d 980.
The trial court correctly concluded that the circumstances of the mailing of the four ballots in the 1993 Wallington election which were not enclosed in outer envelopes completed in conformity with N.J.S.A. 19:57-37.1 did not pose a danger of fraud or other electoral abuse that would warrant their invalidation. Edward Patsenka brought the sealed ballots of his wife Margaret Patsenka and his daughter Leah Patsenka, both of whom were disabled, to the post office to mail on their behalf. Likewise, Darlene McManemay mailed the sealed ballot of her father Stephen Zvalaren, who also was disabled, on his behalf. The evidence indicates that no one other than a close family member was involved in mailing the Patsenka and Zvalaren ballots and that the failure to properly fill out the outer envelopes was purely inadvertent. Karen Smith (whose ballot, as previously discussed, was also unsuccessfully challenged on the ground that she was allegedly not a domiciliary of Wallington) placed her sealed absentee ballot in the mail pouch of her husband's employer in Japan, by means of which it was transmitted to New York where it was placed in the United States mail. Assuming that Ms. Smith's use of a corporate messenger service to carry her ballot from Japan to the United States constituted mailing by a third party, the evidence indicates that her failure to note this form of transmittal on the outer envelope resulted from an innocent misunderstanding of the election laws. Moreover, the corporate messenger service which she used to carry her ballot to the United States obviously had no interest in the Wallington municipal election. Therefore, to invalidate these four ballots simply because the voters did not carefully read and *346 follow the directions for absentee voting would unnecessarily disenfranchise them without promoting the integrity of the electoral process.
Finally, the trial court properly sustained the Board's rejection of the ballots of Mary Marut, Anthony Ciliento and Salvatore Cardillo, which were simultaneously delivered to the board by the same messenger who failed to complete the outer envelopes in conformity with N.J.S.A. 19:57-37.1. Petitioner failed to present any evidence regarding the circumstances under which these ballots were transmitted by a messenger, the reasons why the messenger and voters failed to fill out the outer envelopes enclosing the ballots, or the identity of the messenger and his connection with either the voters or the candidates. Consequently, based on the record before us, the circumstances of the delivery of these three ballots are indistinguishable from those in Battle.
Affirmed.
NOTES
[1] None of the voters who testified at trial were asked how they had voted. See N.J.S.A. 19:29-7, which provides that a court may compel a voter "to disclose for whom he voted" only if it determines that "he was not a qualified voter in the election district where he voted," and N.J.R.E. 513, which provides that "[e]very person has a privilege to refuse to disclose the tenor of his vote at a political election unless the judge finds that the vote was cast illegally."
[2] Therefore, we have no need to decide whether this voter's ballot would have been invalid if she had failed to sign her absentee ballot application but the county clerk had nevertheless issued an absentee ballot. See In re General Election of November 5, 1991 for Township Comm. of Maplewood, 255 N.J. Super. 690, 720-25, 605 A.2d 1164 (Law Div. 1992).